IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3009 |
| vs. | |
| MANI DENG, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 72.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are motions that require resolution at sentencing. The defendant has objected to the presentence report in several respects. Filing 72.

    Most of the defendant's objections, however, are directed at the "prosecutor's version of the offense." Filing 72 at 1-2. But the "prosecutor's version of the offense" is just that—the prosecutor's version—and there's no reason to believe the presentence report isn't accurately describing the government's contentions. And with one exception—a reference to marijuana usage—none of the objected-to statements bear on the Guidelines sentencing range. To the extent that the government expects the Court to rely on any of those assertions in applying § 3553(a), it can adduce evidence at sentencing to support them. But the Court's tentative finding is that the defendant's objections are unnecessary to resolve.

The exception is the defendant's objection to the presentence report's finding that he was an unlawful drug user, because that affects the base offense level. Filing 72 at 2; filing 73 at 3-4; *see* U.S.S.G. § 2K2.1(a)(4)(B). The defendant's objection is twofold.

First, the defendant points out that it's the government's burden to show that he was an unlawful drug user, *i.e.* a "prohibited person" within the meaning of § 2K2.1(a)(4)(B). That's true. *See United States v. Poor Bear,* 359 F.3d 1038, 1041 (8th Cir. 2004). So, to the extent that the defendant objects to the facts underlying this determination, the Court will resolve that objection on the evidence at sentencing.[1]

Second, the defendant raises a novel constitutional argument: He contends that basing the offense level on being an unlawful drug user who unlawfully obtained firearms violates his Second Amendment rights as explained in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022). Filing 73 at 4. The Court finds no merit to that. The flaw in the defendant's argument is that his Second Amendment right to bear arms isn't implicated by § 2K2.1(a)(4)(B)—rather, it's implicated by 18 U.S.C. § 922(a)(6), to which he pled guilty.

The Court assumes, *without deciding,* that there might at least be a cognizable constitutional question when the possession of a weapon is used to enhance a sentence for another offense—for instance, U.S.S.G. §

---

[1] The Court questions whether putting the government to its proof is really worth the time, when what the defendant really seems to be objecting to are his own admissions. *See* PSR ¶ 76. But that's his call. And for that matter, given their Rule 11(c)(1)(C) plea agreement, *see* filing 56 at 3, both sides are encouraged to consider whether the juice is worth the squeeze on this issue.

2D1.1(b)(1), which provides a 2-point enhancement to the offense level for drug trafficking when the offender possessed a dangerous weapon in connection with the offense. *See United States v. Moreno*, 811 F. App'x 219, 224 (5th Cir. 2020); *United States v. Love*, No. 1:21-CR-42, 2022 WL 17829438, at *4 (N.D. Ind. Dec. 20, 2022) (considering and rejecting Second Amendment challenges to § 2D1.1(b)(1)).

But this case reverses that situation: The defendant didn't plead guilty to a drug offense, only to have his sentence enhanced for possessing a weapon. Rather, the defendant pled guilty to a firearms offense, and the offense level may be higher because the defendant was using drugs. Section 2K2.1(a)(4)(B) imposes no additional burden on the defendant's Second Amendment rights. Accordingly, while the Court will resolve the defendant's factual objection at sentencing, the Court's tentative findings is that his Constitutional objection is without merit.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 26th day of May, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge